(No. 75-CV-12-

PAULA CHRISTINE SIMPSON, on behalf of DONALD E. SIMPSON, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 30, 1975.*

PAULA CHRISTINE SIMPSON, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELDMAN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on April 4, 1974, at 307 Court Street, Tazewell County, Pekin, Illinois. Paula Christine Simpson, wife of the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill.Rev.Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as "*the Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant's deceased husband, Donald E. Simpson, age 28, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Murder", (*Ill.Rev.Stat., 1973, ch. 38, §9-1*).

2. That on April 4, 1974, claimant's husband was beaten severely by three men after leaving Lindy's Tavern at 307 Court Street in Pekin. Prior to the beating, Donald Simpson had been sitting peaceably at Lindy's Tavern.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the decedent for the attack upon him by three other patrons of Lindy's Tavern.

4. That the victim died on April 10, 1974, as a result of the injuries he received in the beating of April 4, 1974. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the three assailants, William Ray Justice, Tom Cross and Robert E. Hilst, were indicted in Tazewell County on charges of murder.

6. That the victim and his assailants were not related nor sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the claimant seeks compensation under the Act for loss of support to herself and her three children, Donjell Simpson, age 5; Donald Simpson, age 3; and Paulette Simpson, infant.

9. That at the time of Donald Simpson's death, he was 28 years old and had a life expectancy of age 71 according to actuarial tables. Therefore, we must conclude that the decedent's family lost his financial support for the remainder of his normal life expectancy, computed to be 43 years.

10. That the victim's average monthly earnings for

the 6 months immediately preceding his death were $525, but earnings of only $500 per month can be considered as the basis for determining loss of support, pursuant to the following provision in §4 of the Act:

". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

11. That, based on the victim's normal life expectancy of 43 years, and taking $500 per month as his average earnings, the loss of support to his family is computed to be an amount far in excess of the $10,000 maximum amount that can be awarded as compensation under the Act for any loss resulting from a violent crime.

12. That, in addition to loss of support, the claimant incurred medical, hospital and funeral expenses for the victim which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs as is follows:

| | | |
|---|---|---|
| 1) | Hospital | $3,089.50 |
| 2) | Medical | 122.00 |
| 3) | Funeral | 2,061.00 |
| | | $5,272.50 |

13. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, [except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .]".

We interpret the above provision to mean that the benefits received by the victim's family as a result of his death, and deduction of $200, shall be deducted from the

total loss sustained and not from the $10,000 maximum amount payable under the Act. On this point we are adopting a recent opinion of the Massachusetts Supreme Court on the same point arising under the provisions of an Act identical to ours in all material respects: *Gurley* v. *Commonwealth (1973) 296 N.E.2d 477.*

14. That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from her loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $3,089.50. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶11 and 12, leaves the amount of the actual loss sustained by the claimant and her children far in excess of the $10,000 maximum amount that can be awarded under the Act for any loss resulting from a violent crime. Hence, the claimant and her children are entitled to an award in the maximum amount payable under the Act, $10,000.

The Court takes notice of the fact that the three minor children of the deceased victim, who are named in ¶8 of this opinion, were also dependent on Donald E. Simpson as was his surviving spouse, Paula Christine Simpson, the claimant, and the mother of decedent's said three minor children, who are all under age five.

Under these circumstances the Court is required to interpret and comply with the following language of the Act found in §8(b):

"(b) If the Court of Claims finds, in the case of an application made by a person dependent for [her] support on a deceased victim, that persons other than the applicant were also dependent on that victim for their support, it [the Court] shall also (1) name those persons in its order; (2) state the percentage share of the total compensation award and the dollar amount to which each is entitled, and (3) order that those amounts be paid to those persons directly or, in the case of a minor or incompetent, to his [her] guardian or conservator, as the case may be."

To comply strictly with the above legislative directive, it would seem appropriate and reasonable to order the distribution of the $10,000 award in accordance with the rule of distribution stated in *§11(1) of the Probate Act.* This rule would allow one-third [$3,333.33] to the victim's surviving spouse, and the remaining two-thirds [$6,666.66] divided equally among the victim's three minor children. This would create three separate estates in the amount of $2,222.22 each for Donjell Simpson, age 5; Donald Simpson, age 3; and Paulette Simpson, age 1.

However, to make distribution in this manner, we believe would impose an undue hardship on the mother. If the $10,000 award were paid to her in a lump sum, she would be holding $6,666.66 in trust for her three minor children. Although she is guardian of their person, she would have no power to administer their estates nor use their funds unless she is duly appointed guardian of each minor's estate as provided by law. *Perry v. Carmichael* (1880) *95 Ill. 519.* After such appointment, she would be required to manage her children's funds frugally under the direction of the appointing court and present periodic accounts of her guardianship of such Court. She would also be responsible for Court costs and any legal expenses required in filing her petition for appointment, oath, surety bond, and accounts.

To obviate the necessity of the claimant being appointed guardian of her children's estates, and considering all other facts in this case, the Court believes that the best interest of the victim's family would be served by our ordering that this award be disbursed to the claimant in periodic monthly payments as authorized in §8(a)(4) of the Act. As the natural guardian of her three minor children, the mother has a legal obligation to provide for

their suitable support and education. In fulfilling this obligation, we believe she would necessarily be required to expend the proper amount from each monthly payment received hereunder for the care and nurture of all three of her children as well as for her own necessities.

IT IS HEREBY ORDERED that the total sum of $10,000 be awarded to the claimant and her three minor children, collectively, as persons who were all dependent for their support on Donald E. Simpson, the deceased victim of a violent crime.

IT IS FURTHER ORDERED that the aforesaid award be paid to the claimant, Paula Christine Simpson, in twenty (20) equal monthly installments of $500 each. The Court directs that said monthly payments shall be made from the Court of Claims Fund insofar as it is legally possible to do so.