(Nos. 74-CV-9, 75-CV-126, Consolidated,

Laura L. Morris, and James H. Morris, Sr., on behalf of James H. Morris, Jr., Deceased, Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed March 20, 1975.*

Laura L. Morris, and James H. Morris, Sr., Claimants, pro se.

William J. Scott, Attorney General; Leonard Cahnmann, Assistant Attorney General, for Respondent.

Per Curiam.

This claim arises out of a criminal offense that occurred on January 24, 1974, at 21621 S. Main Street, Cook County, Matteson, Illinois. Laura L. Morris, wife of the victim and James H. Morris, Sr., father of the victim,

seek compensation pursuant to the provisions of the Crime Victims Compensation Act, (*Ill.Rev.Stat., 1973, Ch. 70, Sec. 71, et seq.*) (hereafter referred to as the "*Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1.   That James H. Morris, Jr., the husband of the claimant, Laura L. Morris, and the son of the claimant, James H. Morris, Sr., was a victim of a violent crime, as defined in Sec.2(c) of the Act, to wit:

"Murder", (*Ill.Rev.Stat., 1973, Ch. 38, Sec. 9-1*).

2.   That on January 24, 1974, while visiting Christiana Mancino at 21621 South Main Street, Matteson, Illinois, the victim was shot and killed by a person or persons unknown. Also killed at the same time were Christiana Mancino and her stepfather, Walter Mancino.

3.   That no evidence was presented that would indicate that the victim's death was attributable to his wrongful act or the substantial provocation of his assailant.

4.   That a further and more detailed report of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5.   That the assailant or assailants have not been identified; however, it was recommended in the coroner's

verdict, that "the police continue to make a diligent search for the person or persons responsible for this act and when apprehended, they be held to the Grand Jury of Cook County on the charge of murder."

6. That there was no evidence that the victim and his assailants were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials and claimants have fully cooperated with their requests for assistance.

8. That the claimant, Laura L. Morris, seeks compensation under the Act for loss of support to herself and her minor child, Leigh Ann Morris, infant.

9. That the claimant, James H. Morris, Sr., seeks compensation under the Act for funeral and burial expenses.

10. That the claimant, Laura L. Morris, has proved to the court's satisfaction that the loss of support that she suffered as a result of the victim's death was in the amount of $332.57 per month.

11. That at the time of his death, James H. Morris, Jr., was 20 years old.

12. That based on the average life expectancy of a 20 year old male, and taking $332.57 per month as the victim's average monthly earnings, the loss of support to his family resulting from the victim's death is computed to be far in excess of the $10,000 maximum that can be awarded.

13. That the claimant, James H. Morris, Sr., father of the victim, incurred funeral and burial expenses as a result of his son's death. The amount of pecuniary loss for these items is as follows:

| | |
|---|---|
| Funeral | $2,191.60 |
| Ambulance to move body | 60.00 |

$2,251.60

14. That, in determining the amount of compensation to which an applicant is entitled, sec 7(d) of the Act states that this court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act', or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant. . .)".

We interpret the above provision to mean that the benefits received by the victim's family as a result of his death, and a deduction of $200, shall be deducted from the total loss sustained and not from the $10,000 maximum amount payable under the Act. On this point, we are adopting a recent opinion of the Massachusetts Supreme Court on the same point arising under the provisions of an Act identical to ours in all material respects: *Gurley* v. *Commonwealth (1973) 296 N.E. 2d 477.*

15. That in the claim before us, no benefits other than social security, which is not deductible under the Act, have been received by either claimant from other sources. The statutory deduction of $200, having been deducted from the amount of loss calculated in Paragraphs 13 and 14, leaves an amount of loss sustained by both claimants far in excess of the $10,000 maximum amount that can be awarded under the Act for any loss resulting from a violent crime.

16. That, before an award is granted for loss of support, the claimant, James H. Morris, Sr., is entitled to an award to compensate him for the pecuniary loss suffered as a result of the funeral, $2,251.60. Hence, the claimant, James H. Morris, Sr., is entitled to an award of

$2,251.60. This leaves an amount of $7,748.40 that can be awarded to the claimant, Laura L. Morris and her minor child.

This Court takes notice of the fact that the minor child of the deceased victim, who is named in §8 of this opinion, was dependent on James H. Morris, Jr., as was his surviving spouse, Laura Morris, the claimant and the mother of decedent's said minor child.

Under these circumstances, the court is required to interpret and comply with the following language of the Act found in §8(b):

"If the Court of Claims finds, in the case of an application made by a person dependent for (her) support on a deceased victim, that persons other than the applicant were also dependent on that victim for their support, it (the Court) shall also (1) name those persons in its order; (2) state the percentage share of the total compensation award and the dollar amount to which each is entitled; and (3) order that those amounts be paid to those persons directly or, in the case of a minor or incompetent, to his (her) guardian or conservator, as the case may be."

To comply strictly with the above legislative directive, it would seem appropriate and reasonable to order the distribution of the $7,748.40 award in accordance with the rule of distribution stated in §11(1) of the Probate Act. This rule would allow one-third ($2,582.80) to the victim's surviving spouse, and the remaining two-thirds ($5,165.60) to the victim's minor child.

However, to make distribution in this manner, we believe would impose an undue hardship on the mother. If the $7,748.40 award were paid to her in a lump sum, she would be holding $5,165.60 in trust for her minor child. Although she is guardian of her person, she would have no power to administer her estate, nor use her funds, unless she is duly appointed guardian of the minor's estate as provided by law. *Perry* v. *Carmichael* (1880) *95 Ill. 519.* After such appointment, she would be

required to manage her child's funds frugally under the direction of the appointing Court and present periodic accounts of her guardianship to such Court. She would also be responsible for Court costs and any legal expenses required in filing her petition for appointment, oath, surety bond, and accounts.

To obviate the necessity of the claimant, Laura L. Morris, being appointed guardian of her child's estate, and considering all other facts in this case, the Court believes that the best interest of the victim's family would be served by ordering that this award be disbursed to the claimant in periodic monthly payments as authorized in §8(a) (4) of the Act. As the natural guardian of her minor child, the mother has a legal obligation to provide for her suitable support and education. In fulfilling this obligation, we believe she would necessarily be required to expend the proper amount from each monthly payment received hereunder for the care and nurture of her child as well as for her own necessities.

It Is Hereby Ordered As Follows:

1) The sum of $2,251.60 is awarded to the claimant, James H. Morris, Sr., the father of the victim of a violent crime, for funeral expenses this claimant paid for the victim.

2) The total sum of $7,748.40 be awarded to the other claimant and her minor child, collectively, as persons who were all dependent for their support on James H. Morris, Jr., the deceased victim of a violent crime.

3) That the aforesaid award in the previous paragraph be paid to the claimant, Laura L. Morris, in 16 monthly installments, the first 15 in equal amounts of $500 each, and the last installment in the amount of $248.40. The court directs that said monthly payments

shall be made from the Court of Claims Fund insofar as it is legally possible to do so.