*Decision will be entered under Rule 50.*

LYNCHBURG TRUST & SAVINGS BANK ET AL., TRUSTEES, TRUST FOR W. G. AND E. F. YOUNGER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51163, 54121, 59888. Promulgated April 14, 1933.

*O. H. Tufts, C. P. A.*, for the petitioners.
*Bernard D. Hathcock, Esq.*, for the respondent.

### OPINION.

ARUNDELL: These proceedings are for the redetermination of deficiencies in income taxes in the amounts of $202.43, $843.19, $265.55 and $331.54 for the respective years 1926, 1927, 1928 and 1929. The cases were submitted on a stipulation of facts, which is adopted as our findings of fact.

From the stipulation of facts it appears that the petitioners are the duly qualified executors and trustees under the will of T. W. Gilliam, who died February 3, 1924, a resident of Lynchburg, Virginia.

The decedent left his residuary property to the petitioners, in trust, with directions that the net income therefrom be divided into two equal parts, one to be paid to his daughter, Elsie West Gilliam, and the remaining half to his two grandchildren, " subject to the provision hereinafter contained in Item 7," the latter payments to " continue till the youngest of my grandchildren or the survivor of them attain the age of thirty years, when the portion of my estate on which my said grandchildren receive the income is to be paid over to them in equal parts."

Item VII of the will provides, in part, as follows:

I authorize my executors, or the survivors of them, or the one qualifying, to hold back and invest from the income of my two grandchildren, or either of them, such portion of said income as they may think advantageous, such investments to be made as hereinbefore provided for, or in the improvement of the property of such grandchildren.

The will also provided that all payments of income from the trust estate should be made quarterly.

Since the creation of the trust, the trustees have paid each year one-half of the net income of the trusteed property to Elsie Gilliam, and part of the share of each grandchild to his guardian, and retained the remainder. The amounts retained each year were reinvested by the trustees for the benefit of the grandchildren.

The portion of the net income of the trust accumulated for each grandchild, and retained by the trustees, has been carried in accounts separate and apart from the estate. Some of these funds have been invested in securities for the equal account of the grandchildren and some for their individual account, the records for each being kept separately. These securities were kept separate and apart from other securities and from each other.

For the years 1925 to 1929, inclusive, separate individual income tax returns were filed by the guardian of the grandchildren for the

amounts actually paid to the grandchildren or their guardian, and the trustees filed separate fiduciary returns for the portion of the share of each grandchild retained in trust for investment. The respondent combined the fiduciary returns filed each year by the petitioners on the ground that the will created only one trust.

As we understand these cases, petitioners make two claims. One is that the portion of trust income withheld by the trustees and reinvested is taxable to the beneficiaries rather than to the trustees. The other is that the amounts so withheld and reinvested constituted subsidiary trusts taxable separately from the trust created by the will. There is no issue as to either the amounts actually paid to decedent's daughter, Elsie Gilliam, or as to amounts paid to the grandchildren.

Under the Revenue Acts of 1926 and 1928 trust income is taxable, and the fiduciary is made principally responsible for the payment of the tax. Section 219 (b), Revenue Act of 1926; section 161 (b), Revenue Act of 1928. Among the classes of trust income specifically subjected to tax is the following:

Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated. Section 219 (a) (4), Revenue Act of 1926; 161 (a) (4), Revenue Act of 1928.

It is obvious, we think, from the provisions of the will giving the fiduciaries power to withhold such portion of the grandchildren's share as " they may think advantageous " that the trust income is within the quoted statutory provision. The statutes further provide (section 219 (a) (3), Revenue Act of 1926; section 162 (c), Revenue Act of 1928) that in such cases, that is, where the trust " income in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated," the fiduciary in computing the net income of the trust may deduct:

The amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any * * * beneficiary.

Under this provision of the statute the fiduciaries here seek to reduce the tax payable on the trust income by way of a deduction from gross income. In order to prevail they must show that they come clearly within the provisions permitting the deduction. *Reinecke* v. *Spalding*, 280 U. S. 227. As the amounts here sought to be deducted were not paid to the beneficiaries, they may be deducted only if they were " credited " within the meaning of the statutory provisions above quoted.

The case most strongly relied upon by petitioners is *Ordway* v. *Willcuts*, 12 Fed. (2d) 105; affd., 19 Fed. (2d) 917. That case, in our opinion, is readily distinguishable from those before us. That

case arose under the Revenue Act of 1921. The primary question there, as stated by the District Court, was whether the income involved was "income which is to be distributed to the beneficiary, periodically, whether or not at regular intervals." That is, whether the income came within the classification of section 219 (a) (4) of the Revenue Act of 1921, from which section the quoted language is taken. If it was such income, then under section 219 (d) the tax was not payable by the fiduciary but the income which was "distributable * * * whether distributed or not" was required to be included in the income of the beneficiary. There are corresponding provisions in the Revenue Acts of 1926 and 1928. See sections 219 (a) (2) and (b) (2) of the Revenue Act of 1926 and 161 (a) (2) and 162 (b) of the Revenue Act of 1928. But they do not govern these cases, which come under section 219 (a) (4) of the Revenue Act of 1926 and section 161 (a) (4) of the Revenue Act of 1928, which alike provide for the taxation of " Income which in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated." In such cases, as above pointed out, the statute allows the fiduciary to deduct the income "which is properly paid or credited * * * to any * * * beneficiary."

In the *Ordway* case it was held that the portion of the trust income invested by the trustees in securities purchased for and in the name of the beneficiary, and kept in a separate safe deposit box, had been " distributed " within the meaning of the 1918 and 1921 Acts. In that case the courts had no occasion to determine whether the moneys so invested had been " paid or credited " within the meaning of the later revenue acts. It is true that the District Court said that in the 1926 Act Congress had made the law conform to the construction given by the court to the earlier acts, but the 1926 Act was not before the court for construction and we do not regard the statement made as controlling.

Section 219 (c) of the Revenue Act of 1921 allowed the fiduciary to deduct income " paid or credited " to a beneficiary in cases within paragraphs (1), (2) or (3) of that section, which paragraphs relate, (1) to income of estates during the period of administration; (2) to income accumulated for unborn or unascertained beneficiaries; and (3) to income held for future distribution. In *Guitar Trust Estate*, 25 B. T. A. 1213, we had before us a trust deed under which during 1922 and 1923 the trustees could at their option declare and pay dividends to the beneficiaries. Beginning with 1924, by supplement to the trust deed, the trustees were required to account annually and the beneficiaries could at any time draw their respective shares of the trust income. The trustees in each year credited the trust income to the invested capital accounts of the

# 1186

beneficiaries. We held that in so far as the case was governed by the Revenue Act of 1921, that is, for the years 1922 and 1923, when the trustees had the discretion to distribute or not, the crediting to invested capital account was not a payment or credit within the meaning of the statute, saying in part:

As respondent points out, there was not even a crediting to the personal account of each beneficiary, but only a crediting to the "invested capital" account of each beneficiary, thus evidencing an intention to keep these profits in the business rather than to distribute them.

Under the circumstances which we have narrated, we think the trust income credited to the invested capital accounts of the beneficiaries in 1922 and 1923 was not a proper paying or crediting within the meaning of the law and is taxable to the fiduciary and not to the beneficiaries.

As to subsequent years we held that the concurrence of the mandatory provisions of the trust supplement and the right of the beneficiaries to draw their shares of income made the income taxable to the beneficiaries rather than to the fiduciary.

Following the reasoning of the *Guitar Trust* case, we hold that the trust income in this case which was withheld by the trustees in the exercise of their discretion was not paid or credited to the beneficiaries and hence is not a proper deduction from the gross income of the trust. It is clear that there was no actual payment to the beneficiaries of the amounts here involved. In our opinion the income must at least be made available to the beneficiaries before it can be said to have been " credited " to them within the meaning of the statute.

Nor do we see any merit in petitioners' contention that the income withheld and reinvested constituted " subsidiary trusts " taxable separately from the principal trust. None of the provisions of the will relating to the trusteed property are ambiguous. Throughout it discloses an intention to have the trusteed property administered under a single trust for the benefit of the testator's daughter and two grandchildren. Item V (a) of the will authorizes the trustees to sell certain property, if they deem such action proper, and invest and reinvest the proceeds in property most advantageous to the beneficiaries of " this trust," and to sell any property purchased for " this trust " and invest the proceeds therefrom for the benefit of " this trust." Provision is made in Item V (b) and (c) for the division of the net income derived from " this fund." Item VII of the will makes provision for the retention of a portion of the income of the grandchildren, but contains nothing indicating that the testator intended to create separate trusts for the amounts withheld by the trustees. We find nothing in the will to indicate an intention that separate trusts were to be created. Cf. *Johnson* v. *United States*, 65 Ct. Cls. 285; *State Savings Loan & Trust Co.*, 25 B. T. A. 228. The

creation and maintenance of separate accounts for the beneficiaries was probably a convenient method of showing the amounts to which each beneficiary would be ultimately entitled and would operate for the protection of the trustees upon a final accounting, but in our opinion this does not create trusts taxable separately from the trust created by the decedent's will.

*Decision will be entered for the respondent.*