JOHN J. RAUERS AND SAMUEL B. ADAMS, TRUSTEES UNDER THE WILL OF JACOB RAUERS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63633. Promulgated June 22, 1933.

*Samuel B. Adams, Esq.,* for the petitioners.
*T. M. Mather, Esq.,* and *R. H. Transue, Esq.,* for the respondent.

OPINION.

BLACK: This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1929 in the amount of $2,386.12, proposed against petitioners as trustees under the will of Jacob Rauers. Petitioners admit a deficiency of $593.13, but contest the remainder.

The only issue is whether in his will *Jacob Rauers created* one trust for the benefit of his three daughters, or a separate trust for each.

Section 161 of the Revenue Act of 1928 provides that the taxes imposed upon individuals shall apply to the income of any kind of property held in trust, and that the tax shall be computed upon the net income of the trust, and shall be paid by the fiduciary. Section 143 of the same act provides that the fiduciary shall make under oath a return for any of the trusts for which he acts and shall be subject to all the provisions of law which apply to individuals.

Whether the decedent in the instant proceeding created one or three trusts depends upon his intention as set forth in the will itself. The material parts of decedent's will executed on July 17, 1903, are as follows:

(A).—My estate shall not in any event be divided before the death of my wife and should, at the time of her death, any one or more of my children be under the age of thirty (30) years, the estate shall still be kept together until the youngest child shall have attained the age of thirty (30) years. I hereinafter state what shall be done with the share or portion coming to a daughter.

\* \* \* \* \* \* \*

(C).—The balance of the income from my said estate shall be divided equally among my six (6) children. Should a child die leaving surviving him or her issue of such child, the issue shall represent the parent and take such share of the income as the parent would have received if the parent had not died. Should there be no surviving issue, but should a son leave a widow, this widow, if she remain the widow of the son shall enjoy his share of the income until the division. Should there be no surviving issue or widow of a deceased son, the shares of my deceased children in the income shall be enjoyed by my surviving children equally.

(D).—Should any one of my sons, in order to enter business, require a lump sum of money, my Executrix and Executors are empowered to advance it from the corpus of the estate, taking his obligation therefor, and charging such son interest at the rate of three (3) per cent per annum, which interest is to be payable annually. Such advance if retained by him or lost shall be deducted from his share of the estate when the division takes place, and must not exceed fifty (50) per cent of his interest as it is then estimated by my Executrix and Executors.

\* \* \* \* \* \* \*

(E).—Upon the death of my wife, if the youngest child has then attained the age of thirty (30) years, or should she die before the youngest child has attained this age, then upon the attainment by the said youngest child of his or her thirtieth year, I direct that my estate be divided equally among the children then in life, the issue of a deceased child, if issue there be at that time, to represent the parent and to take the share that the parent would have taken had he or she survived upon this express condition and stipulation, nevertheless, that the share coming to a daughter shall be held by my Executrix and Executors hereinafter named, and the survivor of them, in trust for the said daughter during her lifetime, and from and after her death then for the issue of such daughter her surviving, and with the express condition also

that should a daughter die without issue, her share shall go to my surviving children, with the same conditions herein expressed as to a daughter's share being held in trust as herein stated.

ITEM SECOND: I nominate, constitute and appoint my wife, Joanna McD. Rauers, to be the Executrix, and my oldest son, John J. Rauers, and my friend, Samuel B. Adams, all of Savannah, Georgia, to be the Executors of this Will and Trustees hereunder for the purpose of carrying out the trusts herein reposed. * * * I fully authorize the said Executrix and Executors, and the survivors or survivor of them, to make any change of investment at any time before the division hereinbefore provided for at their discretion and without any order of Court, and to this end to make sale at private sale without any order of Court reinvesting the proceeds of such sale upon the same uses and trusts, but to which reinvestment no purchaser or purchasers shall be bound to look.

The widow of the testator died about 1914. The youngest child, Harry Rauers, became thirty years of age on November 21, 1915. Early in 1916 he received his share of his father's estate. By common consent the property was otherwise kept together until in August 1930, J. J. Rauers received his share. The daughters' shares were kept together. One set of books was kept for the three daughters, and all the securities were kept in one safety deposit box. At the end of each year a statement was prepared showing the income of each daughter separately.

A fiduciary return of income on Form 1041 was filed for the calendar year 1929 under the name of "Estate of Jacob Rauers, J. J. Rauers, Executor." This return was the only fiduciary return filed for the trust in 1929 and showed beneficiaries' shares of income and credits as follows:

|  | Dividends | Balance of net income |
|---|---|---|
| Mrs. E. R. Thesmar—202 E. 49th St | $5,399.22 | $4,536.46 |
| Mrs. K. R. Cunningham—118 E. 36th | 5,399.22 | 4,536.46 |
| Mrs. F. R. Oemler—111 E. 36th | 5,399.22 | 4,536.45 |
| Mr. J. J. Rauers—26 E. Bay St | 5,399.23 | 5,093.56 |
| All Savannah, Ga. |  |  |
| J. McH Rauers—c/o National City Bank, 41 Boulevard Haussmann, Paris, France | 209.60 | 4,030.13 |
|  | 21,806.49 | 22,733.06 |

No return was filed on Form 1040, notwithstanding the provision of article 741 of respondent's Regulations No. 74, providing that " a return is required on Form 1040 with respect to any taxable net income of the estate or trust computed in accordance with section 162 and a return on Form 1041 with respect to any income deducted under section 162 (b) or (c)." The basis of respondent's determination is shown in the statement which accompanied the deficiency notice as follows:

The issue involved is whether under the will of the late Jacob Rauers one trust was created with Mrs. E. R. Thesmar, Mrs. K. R. Cunningham and Mrs.

F. R. Oemler as beneficiaries or whether a separate trust was created for each beneficiary.

On the basis of the information of record this office concurs in the examining officer's contention that only one trust was created.

Accordingly, the report dated October 22, 1931, prepared by Revenue Agent J. R. Maddock, a copy of which was transmitted to you under date of November 5, 1931, has been accepted with two exceptions: [These exceptions not needed here.]

It may be remarked at this point that although the shares of income of J. J. Rauers and J. McH. Rauers, the two sons of decedent, are shown on the information return, Form 1041, filed by the fiduciaries for 1929, there is no contention on the part of respondent that their shares are parts of the trust income. It is admitted that their shares were merely kept that way for convenience and they were entitled to their separate shares under the terms of the will.

Petitioners contend that under the will a separate trust was created for each daughter, effective after the death of the wife and upon the youngest son arriving at the age of thirty years, both events having taken place long prior to the taxable year; that the net taxable income of each trust was the amount of $11,554.13 (⅓ of $34,662.39); that the income tax liability on net income of $11,554.13, part of same being dividends on which only surtax was due, is the amount of $197.71; and that as fiduciaries they are liable for a deficiency of only $593.13.

We think petitioners' contentions must be denied upon authority of the following cases: *Johnson* v. *United States*, 65 Ct. Cls. 285; certiorari denied, 278 U.S. 611; *Nancy Carver Lathrop Campbell et al., Trustees*, 15 B.T.A. 414; *State Savings Loan & Trust Co., Trustee*, 25 B.T.A. 228; affd., 63 Fed. (2d) 482; *Lynchburg Trust & Savings Bank et al., Trustees*, 27 B.T.A. 1182; *J. C. Wynne et al., Trustees*, 28 B.T.A. 125; *Margaret B. Sparrow*, 18 B.T.A. 1. The will of Jacob Rauers, of which petitioners are executors and trustees, unquestionably set up only one trust to take charge of his estate at death. This trust was to hold decedent's property undivided until the death of his wife and the youngest son should attain the age of 30 years. Up until the happening of these two events, no one could contend with any degree of plausibility that the will created more than one trust. No one does so contend. The widow died in 1914 and the youngest son became thirty years of age November 21, 1915. It was at this latter date that the decedent had directed that his estate be divided and the shares coming to his sons be delivered to them, but the shares coming to his daughters were to continue to be held in trust for them. Is there anything to show that the testator intended to direct in his will that three separate trusts be established, one for each daughter, at the time this division of the estate was

to take place? We find nothing in the will which justifies us in reaching such a conclusion. Evidently the testator intended that the trust, which had theretofore had the custody of his entire estate, should continue right on as before, except the shares of the estate coming to the sons should be turned over to them. This was the way the trustees treated the matter, for there is nothing to show that they regarded the will as setting up three separate trusts. For the year 1929, the taxable year which is before us, they filed only one fiduciary return of income on Form 1041. We think the facts of the instant case are very similar to those in *Johnson* v. *United States, supra.* In that case the trustees originally reported on the basis of there being one trust. Four years later they filed amended returns and claimed that there were three trusts instead of one. The Court of Claims held against such contention and the United States Supreme Court denied a writ of certiorari. In *State Savings Loan & Trust Co., Trustee, supra,* the contention of the taxpayer was that the declaration of trust established nine trusts instead of one, but we denied such contention and held there was only one trust, and in affirming our decision the circuit court of appeals said: " It seems to us that the settlors intended to create but one comprehensive trust in which each of the beneficiaries was to have a one-ninth beneficial interest." We make a similar holding in the instant case when we find there was only one trust instead of three.

Petitioners in support of their contention rely mainly upon our decision in *DeVer H. Warner, Trustee,* 7 B.T.A. 1292, but we think the facts in the instant case are clearly distinguishable from the facts which were before us in that case. In the *Warner* case we held that it was clear that the testator intended to create three trusts instead of one, and in giving the reasons for it we said:

> It is only necessary to point out two provisions of the will which demonstrate this intention. By the sixth paragraph of the fifth codicil, DeVer H. Warner is given the authority to resign his office of trustee *in any or all of the trusts, to appoint his successor,* and " also to entrust by said appointment, *the separate trust funds therein created to different trustees,* if he shall see fit * * * ." Here the testator speaks of " the separate trust funds therein created." He intended to and did create " separate trust funds." Under the above provision, DeVer H. Warner was given the authority to appoint a *separate trustee* for *each separate trust fund.* It is thus only by circumstance that there was but one trustee for all the trusts in the particular year before us. [Italics supplied.]

We find no comparable provisions in the will which we are now construing. Only one trust was created by the will.

It should be pointed out that in redetermining the net taxable income of the trust for the taxable year in question the Commissioner should allow as a deduction, in accordance with section 162

(b) of the Revenue Act of 1928, the amount of the income of the trust which was to be distributed currently by the trustees to the beneficiaries, and should also allow as a deduction, in accordance with section 162 (c) of the Revenue Act of 1928, the amount of any income of the trust which, although not mandatorily distributable to the beneficiaries within the taxable year, was distributable within the discretion of the trustees and was in fact properly paid or credited during the year 1929 to the beneficiaries of the trust.

Reviewed by the Board.

*Decision will be entered under Rule 50.*