CANAL BANK AND TRUST COMPANY, RICHARDSON LEVERICH AND MRS. J. C. RATHBORNE, JOINT TESTAMENTARY EXECUTORS OF THE LAST WILL AND TESTAMENT OF JOSEPH RATHBORNE, AND CANAL BANK & TRUST COMPANY, TRUSTEE OF THE LAST WILL AND TESTAMENT OF THE LATE JOSEPH RATHBORNE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71736.   Promulgated April 17, 1934.

*Benjamin W. Dart, Esq.*, for the petitioners.
*Elden McFarland, Esq.*, and *John W. Smith, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioners contend that the respondent's determination is erroneous and in support thereof urge that the decedent by his will created three trusts as follows:

(a) One for the corpus of the residue of his estate, out of which is to be paid from income the special annual legacies to William W. Rathborne of $5,000 and to Mrs. G. W. Rathborne of $30,000 and the general expense of the estate;

(b) A trust for one-half of the remainder of the income to be held, disbursed and invested for the account of J. Cornelius Rathborne, this trust to come into operation on the 21st birthday of J. Cornelius Rathborne, which was June 11, 1930;

(c) A like trust for one-half of the remainder of the income to be held, disbursed and invested for the account of Kathlyn George Rathborne, this trust to come into operation on the 21st birthday of J. Cornelius Rathborne, which was June 11, 1930.

The fifth paragraph of the will provided that all revenues in excess of those required to make the payments provided for the several beneficiaries, as thereinafter set out, and in excess of the carrying charges and expenses should be invested and reinvested and form part of the capital of the trust estate. It also provided that from time to time the trustee might pay out of the capital of the estate any money needed for any of the purposes contemplated by the will, and in case the revenues were insufficient to make the payments provided for the beneficiaries the trustees could make up the deficiency out of capital. Paragraph seven of the will also provided for the trustee making payments out of capital under certain

circumstances when the revenues or the accumulation thereof was insufficient to make the payments provided for the beneficiaries. Considering the foregoing in connection with all the other provisions of the will, we are unable to find that more than one trust was created or that it was the intention of the decedent to create more than one trust. See *Margaret B. Sparrow et al., Trustees*, 18 B.T.A. 1; *State Savings Loan & Trust Co.*, 25 B.T.A. 228; affd., 63 Fed. (2d) 482; *Johnson v. United States*, 65 Ct. Cls. 285; *John J. Rauers et al., Trustees*, 28 B.T.A. 516. Only one trust having been created by the will, no segregation of the assets or of the income of the trust that the trustee might make for its own convenience for accounting purposes could in any wise serve to increase the number of trusts created by the will. The contention of the petitioners on this point is denied.

The petitioners urge that the income credited after June 11, 1930, to the respective accounts of J. Cornelius Rathborne and Kathlyn George Rathborne was not income falling within the provisions of section 161 (a) (1) of the Revenue Act of 1928 but constituted distributions of income within the meaning and intent of sections 161 (a) (2) and 162 (b) and (c).

The Revenue Act of 1928 provides in part as follows:

SEC. 161. IMPOSITION OF TAX.

(a) *Application of tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income * * * accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries * * *

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

    *       *       *       *       *       *       *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during

such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

Section 3 of the seventh paragraph of the decedent's will provided that the trustee should pay out of the income of the trust estate and out of the principal if necessary, to J. Cornelius Rathborne and Kathlyn George Rathborne, through their mother or tutor, a sum sufficient to educate, maintain, and support them in accordance with their position in life and their prospects as his heirs. Section 4 of the same paragraph provided that during the 10-year period following J. Cornelius Rathborne's having reached his majority the trustee should pay to him the income of his share of the estate (which was one half) in the following proportions: One third during the first three years, one half during the next three years, and the whole thereof during the remaining four years of the trust. Provision was also made for the payment to him of certain specified amounts and an increase in the allowance to him in event of his marriage. Similar provisions were made in section 5 of the same paragraph of the will with respect to the payments that were to be made by the trustee to Kathlyn George Rathborne. From a consideration of the foregoing provisions in connection with the provision in the fifth paragraph that all income in excess of that required to make the payments provided for the several beneficiaries and in excess of the carrying charges and expenses should be invested and reinvested and form a part of the capital of the trust estate, we think it is clear that the income of the trust estate falls within two classes, namely, income accumulated or held for future distribution under the terms of the will, and income which was to be distributed currently by the trustee to the beneficiaries. So far as the record discloses, the respondent, in determining the deficiency here involved, has not included in the taxable income of the estate any of the latter class, but has included only such income as was accumulated under the terms of the will. In thus including such income the respondent has followed the plain provision of section 161 (a) (1).

With respect to the income which was accumulated the petitioners take the position that such income was income " which is to be distributed currently by the fiduciary to the beneficiaries " within the meaning of section 161 (a) (2) and that, the trustee having credited the proportional parts of such income to the respective accounts of the two grandchildren, the amounts thus credited are allowable deductions in computing the taxable income of the trust estate for the year in question. This view ignores the fact that the income of the trust falls into two classes, both of which are recognized by the act and both of which are to be given different treatment under the

act. Nothing that the trustee did or could have done with respect to crediting income to the accounts of the grandchildren on its books could alter the fact that under the terms of the will a portion of the income of the estate for the taxable year was to be and was accumulated by the trustee. During the taxable year J. Cornelius Rathborne reached his majority. The only portion of the income of the trust that the trustee was authorized to pay him during that year was one third of a one half thereof, or one sixth, the amount which the respondent eliminated from the income of the trust and taxed to him. No greater amount was payable to or distributable to him during the year. All of the income of the trust remaining, after the payments provided by the will to be made to the other beneficiaries and carrying charges and expenses, was to be accumulated and added to the corpus of the trust. Income thus accumulated could not be said to be income which was to be distributed currently.

The fact that the trustee credited to the respective accounts of the grandchildren on its books certain amounts, which under the terms of the will were to be accumulated and added to the corpus of the trust, does not serve to make such amounts deductible from the income of the estate and taxable to the grandchildren. Such amounts can not be said to have been credited to the grandchildren within the meaning of that term as used in the act. As was pointed out in *Lynchburg Trust & Savings Bank* v. *Commissioner*, 68 Fed. (2d) 356, taxpayers generally are charged with income not reduced to possession only if it can be said that the income is received constructively and has become so far subject to the taxpayer's demand that its nonreceipt is a matter of his own choice. See also *Commissioner* v. *Stearns*, 65 Fed. (2d) 371. Under the circumstances presented here the grandchildren had no present choice respecting the receipt or nonreceipt of income accumulated and held by the trustee as a part of the corpus pursuant to the terms of the will.

In view of the foregoing we perceive no error in the action of the respondent in including in the taxable income of the trust estate the income which was accumulated by the trustee pursuant to the terms of the decedent's will. His action therefore is sustained.

By way of argument the petitioners contend that the grandchildren are what is known as forced heirs under the law of Louisiana and that decedent could not dispose of his estate without leaving them the share of his estate (one third between them) which was reserved to them by law and that the income of the trust became theirs when received by the trustee. The petitioners admit, however, that the residuary portion of the estate which was left in trust to the grandchildren was in excess of the share reserved to them by law.

Pertinent portions of the Louisiana statutes (Dart's 1932 Statutes) are as follows:

9815. *Donations mortis causa or inter vivos permitted in certain cases.*— It shall be lawful for anyone to make a donation inter vivos or mortis causa of any kind of property, and of any amount, whereby an individual or individuals or, a bank or banks now or hereafter organized under the laws of this state for the purpose of conducting savings, safe deposit and trust banking business, or which have accepted the provisions of law relative thereto, and banks organized under the acts of the congress of the United States, are designated as trustee or trustees; provided, however, that nothing in this act shall be construed to affect the law in regard to the disposable portion, save that it shall be permissable to provide that the legitime or any portion thereof of any forced heir or heirs shall be administered in trust for his or their benefit by said trustee or trustees, the income to be paid annually or oftener to said forced heir or heirs, or his or their legal representatives. (*Acts 1920, No. 107, s 1*).

9816. *Regulations of trusteeship by donor—Bond of Trustee.*—The donor of such property shall have the right to prescribe the number of trustees, the causes for which any trustee or trustees shall cease to be such; the manner in which vacancies, however occurring, shall be filled; the manner in which the property donated shall be administered, and the objects to which it, or part thereof, shall be applied; *the period of duration of said trust, which shall not exceed ten years after the death of the donor, except when the beneficiary is a minor at the time of the death of the donor, in which case it shall not exceed ten years after the minor has attained majority;* in what manner and under what circumstances the trustee or trustees shall be empowered to sell the property donated, or any portion thereof, or to change any investment once made. Provided that the designation in any act of donation inter vivos or mortis causa of an attorney for the trustee or trustees shall be binding upon such bank or banks. Individual trustees shall furnish bond for an amount to be fixed by the court which would have jurisdiction over the succession of the donor and with surety approved by said court, conditioned on the faithful performance of his or their duties unless the giving of the bond by such persons shall have been expressly dispensed with by the donor in the act of donation. (*Acts 1920, No. 107, s 2*).

\* \* \* \* \* \* \*

9818. *Trustees—Powers and duties—Compensation and expenses—Liability.*— Said trustee or trustees shall administer the property entrusted to them in conformity with the directions contained in the act of donation, and shall have all the powers needed for such administration; and can mortgage, pledge, alienate or encumber the designated property whenever necessary in the opinion of the trustee, unless prohibited by the donor. Said trustee or trustees shall be entitled to reasonable compensation for its or their service payable annually which shall not exceed 10% of the annual income from the said property and to the reimbursement of all necessary and reasonable expenses paid or incurred in the performance of its or their duties or in the protection and preservation of the property so conveyed in trust. The trustee or trustees shall not be responsible for anything done, or any action taken by it or them except in the cases of its or their negligence or wilful misconduct. (*Acts 1920, No. 107, s 4*). [Italics supplied.]

From the foregoing we think it is clear that the interests of minor heirs may be vested in a trustee for them until they reach their ma-

jority and for a period of 10 years thereafter, as was provided for in the decedent's will with respect to the grandchildren. In our opinion this rule of law tends to support the action of the respondent rather than sustain the contention of the petitioners. We see nothing therein to indicate that more than one trust was created by the decedent's will or that the income in controversy was not taxable as determined by the respondent.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*