GERTRUDE McGINLEY, TRUSTEE, WILLIAM McGINLEY TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 49320, 59472. Promulgated August 10, 1934.

*Lawrence Tarlton, Esq.*, for the petitioner.
*DeWitt M. Evans, Esq.*, for the respondent.

OPINION.

ADAMS: Deficiencies in income tax of $6,960 for 1926 and of $1,799.97 for 1929 are in controversy in these consolidated cases. The facts as stipulated in both cases, with the exhibits, are adopted by reference as part of our findings. The only question for determination is whether one trust with five beneficiaries was created under a declaration of trust, or five separate trusts, each with one separate beneficiary, were created.

On February 1, 1926, William McGinley executed a declaration of trust to his wife, Gertrude McGinley, as trustee for the benefit of his five children, by which he assigned and transferred to the trustee 12,500 shares of the capital stock of the Fulton Oil Co. and 12,500 shares of the capital stock of the Rice Oil Co.

The declaration provided that the trustee was " to hold said shares of stock, to collect all the income and dividends thereof and after paying therefrom any taxes or other public charges and any necessary expenses of carrying out these trusts, to invest and re-invest the residue thereof as part of the original trust estate."

The instrument further provided:

The said trustee shall act at all times without bond; and shall have the right to sell, trade or transfer any part or all of the trust estate herein created at any time as the same may seem expedient, and may loan or re-invest the proceeds of sale in other stocks or bonds as may best serve the interests of the trust estate.

My said Trustees shall divide said Trust estate hereby created into five (5) equal shares, one (1) share to be held in trust for each of my five (5) children, Thomas K. McGinley, John Jacob McGinley, Mary Emily McGinley, Richard McGinley, and Jane McGinley.

When any one of my said children shall have arrived at the age of twenty-one (21) years my said Trustee shall pay over to said child the income on his share of said trust estate until he shall have attained the age of thirty-five (35) years whereupon my said Trustee shall pay and deliver over to said child his share of the principal of said trust estate.

The remaining portion of the declaration of trust related to the devolution of the interest of any child dying before becoming 35 years of age, and to the appointment of succeeding trustees in the event of the death of the original trustee.

The care and management of the trust property were performed by the trustor, William McGinley, but the income therefrom was paid to the trustee. It does not appear that there was a division of the trust property into five separate portions or trusts. Only one of the children had become of age in 1929 and no payment of any part of the income had been made to him. The income was accumulated and there was no segregation of principal or income.

For the year 1926 the total amount of the income from the trust property was $75,000, which the trustee returned on Form 1041, showing each beneficiary's share to be one fifth of the whole amount. In making payment of the taxes assessed she used separate checks for each beneficiary's portion of the tax.

The petitioner contents that there were five trusts created by the trust instrument and the tax for the year in question should be computed on the basis of five separate trusts and not on the basis of a single trust.

Respondent cites and relies upon section 219, Revenue Act of 1926, and section 161 (a) (1), Act of 1928, which provide in substance that income accumulated or held for future distribution under the terms of a trust shall be taxed to the trust estate, and it is urged that, as the income here was to be accumulated until each child reached 21 years of age, the entire income from the trust property should be taxed as one entity.

It is possible of course to create more than one trust by the same written instrument, but in order that this may be accomplished the intent should clearly appear from the writing itself. An examination of this declaration of trust discloses that the singular number is used nine times in referring to the trust property, and the plural "trusts" only three times, and two of these refer to the conditions of the trust rather than to separate trusts.

The clause which directs a division into five shares provides, "shall divide said trust estate hereby created" and the next clause provides that when any child arrives at the age of 21 years "my said trustee shall pay over to said child the income on his share of said trust estate until he shall have attained the age of thirty-five years, whereupon my said trustee shall pay and deliver over to said child his share of the principal of said trust estate."

It will be observed that there is nothing said about separate trusts, but the direction is to divide the trust estate into five equal shares and that the income from each child's share shall be paid to it and its share of the principal of "said trust estate" upon the happening of certain events.

We note that in the second clause of the declaration of trust the trustee is directed to collect all the income from the trust property and, after paying all the necessary expenses, "to invest and reinvest the residue thereof as part of the original trust estate." There is no direction to segregate the income into five shares and thereafter to treat each share as the property of a beneficiary to be accumulated and be paid over to him. Cf. *Lynchburg Trust & Savings Bank* v. *Commissioner*, 68 Fed. (2d) 356. On the other hand, the income is to be merged with the original trust estate. We think this direction is inconsistent with the theory of five separate trusts. At the hearing the petitioner's attorney would not assert that the declaration of trust was ambiguous, when asked by the presiding member. If the instrument is not ambiguous, and we do not think it is, the intention of the donor must be ascertained from the instrument and not from his testimony given several years later as to what he intended to do. Cf. *Colton* v. *Colton*, 127 U.S. 300.

The petitioner in his brief calls our attention to *William B. McIlvaine et al., Trustees*, 29 B.T.A. 304. That case is readily distinguishable from the instant case upon the facts. There, the deed gave the parties broad powers to alter or modify the instrument. The parties agreed that the original instrument created only one trust with three beneficiaries. It was, however, later amended and specifically modified to create three separate trusts. As so amended the instrument differed from the one before us in that respect.

We think that one trust estate with five beneficiaries was created. In several recent cases trust deeds substantially like that in con-

troversy here have been similarly construed. *J. C. Wynne et al., Trustees*, 28 B.T.A. 125; *Margaret B. Sparrow*, 18 B.T.A. 1; *Johnson v. United States*, 65 Ct. Cls. 285; *State Savings Loan & Trust Co., Trustee*, 25 B.T.A. 228; affd. 63 Fed. (2d) 482; *Langford Investment Co., Trustee*, 28 B.T.A. 222; *John J. Rauers et al., Trustees*, 28 B.T.A. 516; *Canal Bank & Trust Co. et al., Executors*, 30 B.T.A. 390.

*Decision will be entered for the respondent.*