GEORGE G. ALLEN, ET AL., TRUSTEES OF THE DORIS DUKE TRUST, A TRUST ESTABLISHED BY JAMES B. DUKE BY INDENTURE DATED DECEMBER 11, 1924, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75945. Promulgated July 27, 1939.

*David R. Shelton, Esq.*, and *Forrest Hyde, Esq.*, for the petitioners. *R. H. Transue, Esq.*, for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined a deficiency of $110,287.26 in income tax for the year 1931. The issue for decision is whether there were separate trusts for infant beneficiaries, so that the main trust is entitled to deductions for the amounts set aside in 1931 as accumulations for the infant beneficiaries, or whether those amounts are taxable to the main trust as undistributed income. The facts have been stipulated and the stipulation is hereby adopted as the findings of fact in this proceeding.

James B. Duke, now deceased, executed a deed of trust in 1924 and conveyed certain property to the trustees, the petitioners herein. The preamble of the instrument recites, *inter alia*, that the property is conveyed to the trustees "in order to effectuate the trusts hereby created." The main trust and the corpus thereof are consistently referred to in the instrument in the singular. The "Fourth" division of the instrument provides in general that the annual income, and eventually the corpus, of two-thirds of the trust property shall go to Doris Duke, daughter of the grantor, and her descendants

during the continuation of the trust. It also provides for the use of such part in case of failure of the beneficiaries thus named. The "Fifth" division provides for the disposition of the income and corpus of the remaining one-third. The income of this part is to be distributed annually *per capita*, in equal portions, among a number of persons named, and their descendants, during the continuation of the trust. It likewise provides for the use of such part in case of failure of the beneficiaries thus named.

The "Sixth" division empowers the trustees to withhold and accumulate in their discretion the income distributable to minors during the continuation of the trust. The amounts accumulated and the income therefrom were to "be separately kept and handled by said trustees as respects accounting, investment of funds, and otherwise, and the whole of such accumulations, incomes, revenues, and profits shall be fully and finally paid, applied and distributed by said trustees" to the beneficiary from whom withheld when he becomes twenty-one years of age or when the trust terminates. If the beneficiary died, his accumulations were to go to his heirs or, if none, to another trust. The trustees could use the accumulations, meanwhile, for the benefit of the beneficiary from whom withheld.

The trustees adopted the calendar year for the purpose of their accounting period. The income distributable to adult beneficiaries is not involved in the present controversy. The trustees, however, acting under authority of the "Sixth" division of the deed of trust, have accumulated the amounts to which infant beneficiaries have become entitled. They have construed the deed as creating a separate trust of the accumulations for each infant beneficiary, have set aside as separate trust funds all amounts accumulated for each infant beneficiary, have segregated those separate funds upon their books, have placed each separate accumulated fund in a separate bank account, have made separate investments for each fund, have kept the securities of each separate, and have filed separate returns for each fund as a separate trust, reporting its distributable share of the annual income of the main trust.

None of the original infant beneficiaries has died. Some have become of age and, as they did so, they received the funds accumulated for them. There were a number of infant beneficiaries during 1931. The petitioners, on their return for the main trust, showed the income distributable to infants as distributed and claimed deductions accordingly. The Commissioner, in determining the deficiency, has held that there was but one trust and there was no distribution of amounts added in that year to the accumulations for the infants. Thus he has taxed, as income of the main trust, that portion of its income which was withheld and accumulated for the

infants. The petitioners contend that that income was deductible under section 162 of the Revenue Act of 1928.

The case of *Lynchburg Trust & Savings Bank* v. *Commissioner*, 68 Fed. (2d) 356; certiorari denied, 292 U. S. 640, reversing 27 B. T. A. 1182, involved a similar question under facts which are strikingly similar in all important respects. If that case is to be followed, there is no need to add to the full and able discussion contained in the opinion of Judge Soper. His reasoning applies with equal force here. Indeed this is a somewhat stronger case for the taxpayer than that was. The court there pointed out that the amounts annually set aside for the infants were deductible by the main trust under section 162 (c). The Commissioner recognizes the effect of that decision upon this case, but hopes that this one may result in a conflict with the other. The Board has already used the court's opinion in the *Lynchburg* case as an authority on several occasions. See *Charles S. Davis, Trustee*, 37 B. T. A. 587; *Leonard Marx*, 39 B. T. A. 537; *Gertrude McGinley, Trustee*, 31 B. T. A. 81. There is no good reason to refuse to follow it here where it is so apposite. We think that this grantor intended to create trusts of the accumulations separate from the main trust. There were distributions in 1931 to those trusts and such amounts are deductible by the main trust under section 162 (c). *Lynchburg Trust & Savings Bank* v. *Commissioner, supra; Willcuts* v. *Ordway*, 19 Fed. (2d) 917. Cf. *United States Trust Co.* v. *Commissioner*, 296 U. S. 481.

*Decision will be entered under Rule 50.*