TRUST No. 3, C. E. AND MARGARET BREHM, TRUSTEES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 70222, 74845. Filed January 27, 1960.

*Don O. Russell, Esq.*, for the petitioner.
*James H. Martin, Esq.*, for the respondent.

OPINION.

ATKINS, *Judge:* The respondent determined deficiencies in income tax of the petitioner trust for the calendar years 1955 and 1956 in the

---

respective amounts of $15,826.32 and $13,372.69. The issues are whether the income is to be considered that of the trust or of the beneficiaries, and if that of the trust, whether any of the income was distributable or distributed, entitling the trust to deductions.

All of the facts are stipulated and are incorporated herein by this reference.

On March 4, 1954, C. E. and Margaret F. Brehm, husband and wife, executed a written instrument entitled "Trust Agreement No. 3" naming themselves as donors and as trustees, and their minor children, Sylvia Brehm, Karen Brehm, and Jane Elizabeth Brehm, as beneficiaries. The trustees reside in Mount Vernon, Illinois, and the fiduciary income tax returns for the years 1955 and 1956 were filed with the district director of internal revenue at Springfield, Illinois.

The trust agreement provides:

This Trust Agreement made and entered into this 4th day of March 1954, by and between Clarence E. Brehm and Margaret F. Brehm, hereinafter called Donor and Clarence E. Brehm and Margaret F. Brehm, hereinafter called Trustee, witnesseth:

That Donor desires to convey and assign from time to time to the Trustee, property and securities consisting of (not hereby limited thereto) real property and interests therein whether it be surface, minerals, royalty interests, oil and gas and other minerals, leaseholds estates or interests of any other nature whatsoever, personal property, stocks, bonds, or other choses in action or any property of a mixed nature all of Donor's right title and interest in and to such property to have and to hold in trust absolutely and irrevocably for the sole use and benefit of the beneficiaries hereinafter set forth, upon the following terms and conditions, as follows, to wit:

\*  \*  \*  \*  \*  \*  \*

II

The Trustee during the time that this trust is in effect, shall have the power and authority to manage said property with power to sell, mortgage, pledge, lease, lease for the production of oil, gas or other minerals and in regard to the mineral or royalty interests, the Trustee shall have full authority to execute all necessary division orders, transfer orders, communitization agreements or any other instruments or any agreements pertaining to primary and secondary recovery of oil, gas and other minerals or products thereof.

III

The Trustee shall pay to the beneficiaries, or apply on their behalf, such income from the trust and so much principal thereof as may be necessary for the education, comfort and support of the beneficiaries and shall accumulate for such beneficiaries all income not so needed. The trust estate shall be deemed vested absolutely in said beneficiaries and shall be their property, but the Trustee is authorized and directed to hold said estate unless the trust be prior terminated as hereinafter provided, until each beneficiary becomes the age of twenty five years at which time the Trustee shall pay over to them their

equal share of said trust estate including all accumulations. In the event that one or more of the beneficiaries shall die prior to her becoming twenty five years of age the said trust estate and any accumulations shall belong to her estate and shall be paid over to her administrator.

## IV

If during the term of this trust there should be any accumulation of income, or cash received from the sale of any of the principal, the Trustee shall have the right to invest or re-invest such accumulated income or principal as shall be deemed desirable to the Trustee and he shall not be restricted to a class of investments which a Trustee is or may hereafter be permitted by law to make.

## V

This trust has been created by the Donor after full consideration and advice and upon such consideration and advice the Donor has determined that this trust shall not contain any right in the Donor to alter, amend, revoke or terminate it. The beneficiaries shall be entitled to all or any part of their share of the trust or to terminate the trust estate in whole or in part at anytime whenever the said Sylvia Brehm, Karen Brehm and Jane Elizabeth Brehm or the legally appointed guardian for one of their estates shall make due demand thereof by instrument in writing filed with the then Trustee and, upon such demand being received by the Trustee, the Trustee shall pay said trust estate and its accumulations or the part thereof for which demand is made over to the said beneficiaries or to the legally appointed guardian for any one of their estates who made such demands on their behalf.

It is the intent and purpose of the Donor to provide for gifts to the beneficiaries as fully and effectively as though the gifts were made directly to her, and her estate was administered by a legally appointed guardian, with the exception that the Trustee herein appointed shall not be limited in the performance of his duties in the manner that a legal guardian would be limited under the laws of any state.

\*       \*       \*       \*       \*       \*       \*

## VIII

During the existence of this trust and in the interest of the beneficiaries, the Trustee shall make an annual report of the condition of the trust estate to the Donor during the minority of the beneficiaries and thereafter the Trustee shall make such report to the beneficiaries.

The date of birth and approximate age of the beneficiaries at the date of the creation of the trust, March 4, 1954, were as follows:

| Child | Date of birth | Age at execution of trust |
|---|---|---|
| Sylvia L_____ | July 25, 1939_____ | 14 years, 8 months |
| Karen K_____ | June 16, 1943_____ | 10 years, 9 months |
| Jane Elizabeth_____ | Oct. 1, 1953_____ | 5 months |

The beneficiaries had no legally appointed guardians during the period from March 4, 1954, to December 31, 1956.

In its income tax return for the year 1955 the trust reported "Net Trust Income" of $34,202.03, and for 1956 reported "Net Income" of

$30,346.28. In each return the amount was treated as a "Deduction for distributions to beneficiaries," with the result that the trust reported no taxable income. The amounts of $34,202.03 and $30,346.28 were reported as taxable income by the beneficiaries in their returns for the years 1955 and 1956. The beneficiaries did not actually receive these amounts. They were accumulated by the trust.

In the notices of deficiency the respondent disallowed the deductions claimed by the trust for the years 1955 and 1956 in the respective amounts of $34,202.03 and $30,346.28.

The petitioner contends that the income here in question is not taxable to it but argues that such income is that of the beneficiaries and is properly taxable to them pursuant to the provisions of section 61, section 651, or section 661 of the Internal Revenue Code of 1954.

The petitioner's first argument is that the intention of the donors was not to create a trust, and that in effect the transfers of property constituted absolute transfers to the minor children, the trustees being agents to manage the property during the minority of the children or until the power of management might be revoked. It follows, the petitioner contends, that the beneficiaries owned the property and that they, and not the trustees or the trust, are taxable upon the income therefrom. The petitioner points to specific provisions of the instrument as sustaining its view, particularly the provisions that "[t]he trust estate shall be deemed vested absolutely in said beneficiaries and shall be their property, but the Trustee is authorized and directed to hold said estate" and the provision that "It is the intent and purpose of the Donor to provide for gifts to the beneficiaries as fully and effectively as though the gifts were made directly to her, and her estate was administered by a legally appointed guardian, with the exception that the Trustee herein appointed shall not be limited in the performance of his duties in the manner that a legal guardian would be limited under the laws of any state."

Reading the instrument as a whole, we think the conclusion is inescapable that the donors intended to create a trust. It contemplated transfers of property from time to time to the trust, rather than to the beneficiaries. The trustees, unless the trust should be terminated sooner, were to hold the property and the income, except as it might be needed for education, comfort, and support of the children, until the beneficiaries reached the age of 25, at which time the trustees were to distribute the property and all accumulations to the beneficiaries. The fact that the trustees were to hold the property even after the beneficiaries reached majority emphasizes the intention to create a trust rather than to merely provide for some interim holding of

property merely because of the minority of the children. During the period the trustees were to hold the property, they were to have all powers to manage and sell the same and to invest and reinvest any proceeds or accumulated income. Neither the beneficiaries, nor any guardians who might be appointed for them, were to have any control over the management of the trust property or income so long as the trust existed. If the donors had indeed intended to make direct transfers to the children, that course could have been followed and guardians could have been appointed if necessary. However, no guardians were appointed, and we think the real intent of the donors was to place the property and income in trust. There was no testimony presented, the facts having been fully stipulated.

It may be added that the petitioner treated itself as being a trust, having filed fiduciary returns. Furthermore, in the petitions it was alleged and in the answers it was admitted that it was a trust, and in the returns and in the stipulations of fact it was characterized as a trust.

In support of the view that there was in effect a present transfer to the minor beneficiaries, the petitioner calls attention to *Kieckhefer* v. *Commissioner*, (C.A. 7) 189 F. 2d 118, reversing 15 T.C. 111. That was a gift tax case involving an instrument containing a provision, similar to that involved here, to the effect that the minor beneficiary, or a legally appointed guardian, could terminate the trust in whole or in part at any time. No guardian was appointed. It was held that, within the meaning of the gift tax provisions and regulations, the beneficiary was entitled to the present use, possession, or enjoyment of the trust property and income and that the gift was of a present, rather than a future, interest in property. A contrary view was adopted in *Stifel* v. *Commissioner*, (C.A. 2) 197 F. 2d 107, affirming 17 T.C. 647. We think that decisions as to what constitutes a present or future interest for gift tax purposes are not governing in determining whether a trust has been created, the income of which is to be taxed in accordance with the applicable trust provisions of the Internal Revenue Code of 1954, namely, subchapter J. In any event, to the extent these gift tax decisions might be considered as having any bearing, our position, following the *Stifel* case, *supra*, would be that under the facts here present the transfer in trust is not tantamount to a transfer directly to the minor beneficiaries.

We conclude that the instrument here in question did create a trust which continued in existence during the years in question. Accordingly, the taxability of the income of the trust is to be determined in accordance with those provisions of the Internal Revenue Code of

1954 which deal with trusts. These are set forth in the margin in some detail.[1]

We turn then to a consideration of whether the trust is relieved of liability for tax upon its income under sections 671 and 678 of the Code. Section 678 provides that a person other than the grantor shall be treated as the owner of any portion of a trust with respect of which he has a power exercisable solely by himself to vest the

---

[1] SUBPART A—GENERAL RULES FOR TAXATION OF ESTATES AND TRUSTS

\* \* \* \* \* \* \*

SEC. 641. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this chapter on individuals shall apply to the taxable income of estates or of any kind of property held in trust, including—

(1) income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

\* \* \* \* \* \* \*

(4) income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

(b) COMPUTATION AND PAYMENT.—The taxable income of an estate or trust shall be computed in the same manner as in the case of an individual, except as otherwise provided in this part. The tax shall be computed on such taxable income and shall be paid by the fiduciary.

SUBPART B—TRUSTS WHICH DISTRIBUTE CURRENT INCOME ONLY

\* \* \* \* \* \* \*

SEC. 651. DEDUCTION FOR TRUSTS DISTRIBUTING CURRENT INCOME ONLY.

(a) DEDUCTION.—In the case of any trust the terms of which—

(1) provide that all of its income is required to be distributed currently, and

(2) do not provide that any amounts are to be paid, permanently set aside, or used for the purposes specified in section 642(c) (relating to deduction for charitable, etc., purposes),

there shall be allowed as a deduction in computing the taxable income of the trust the amount of the income for the taxable year which is required to be distributed currently. \* \* \*

SEC. 652. INCLUSION OF AMOUNTS IN GROSS INCOME OF BENEFICIARIES OF TRUSTS DISTRIBUTING CURRENT INCOME ONLY.

(a) INCLUSION.—Subject to subsection (b), the amount of income for the taxable year required to be distributed currently by a trust described in section 651 shall be included in the gross income of the beneficiaries to whom the income is required to be distributed, whether distributed or not. \* \* \*

SUBPART C—ESTATES AND TRUSTS WHICH MAY ACCUMULATE INCOME OR WHICH DISTRIBUTE CORPUS

\* \* \* \* \* \* \*

SEC. 661. DEDUCTION FOR ESTATES AND TRUSTS ACCUMULATING INCOME OR DISTRIBUTING CORPUS.

(a) DEDUCTION.—In any taxable year there shall be allowed as a deduction in computing the taxable income of an estate or trust (other than a trust to which subpart B applies), the sum of—

(1) any amount of income for such taxable year required to be distributed currently (including any amount required to be distributed which may be paid out of income or corpus to the extent such amount is paid out of income for such taxable year); and

(2) any other amounts properly paid or credited or required to be distributed for such taxable year;

but such deduction shall not exceed the distributable net income of the estate or trust.

corpus or the income therefrom in himself. Section 671 provides that in such case it is such other person, and not the trust, who is taxable upon the income of the trust.

We are concerned with the following provision of the trust instrument:

The beneficiaries shall be entitled to all or any part of their share of the trust or to terminate the trust estate in whole or in part at anytime whenever the said Sylvia Brehm, Karen Brehm and Jane Elizabeth Brehm or the legally appointed guardian for one of their estates shall make due demand thereof by instrument in writing filed with the then Trustee, and upon such demand being received by the Trustee, the Trustee shall pay said trust estate and its accumulations or the part thereof for which demand is made over to the said beneficiaries or to the legally appointed guardian for any one of their estates who made such demands on their behalf.

Under Illinois law females are minors until they attain the age of 18 years. Ill. Ann. Stat., ch. 3, sec. 283 Smith-Hurd. The beneficiaries here all continued to be minors through the years in question. Thus, for example they were incapable of appointing agents, *McDonald* v. *Spring Valley*, 285 Ill. 52, 120 N.E. 476; they could not institute suits in their own names, it being necessary that suits be brought by guardians or next friend, *Walgreen Co.* v. *Industrial Commission*, 323 Ill. 194, 153 N.E. 831; and any contracts which they

---

SEC. 662. INCLUSION OF AMOUNTS IN GROSS INCOME OF BENEFICIARIES OF ESTATES AND TRUSTS ACCUMULATING INCOME OR DISTRIBUTING CORPUS.

(a) INCLUSION.—Subject to subsection (b), there shall be included in the gross income of a beneficiary to whom an amount specified in section 661(a) is paid, credited, or required to be distributed (by an estate or trust described in section 661), the sum of the following amounts:

(1) AMOUNTS REQUIRED TO BE DISTRIBUTED CURRENTLY.—The amount of income for the taxable year required to be distributed currently to such beneficiary, whether distributed or not. * * *

(2) OTHER AMOUNTS DISTRIBUTED.—All other amounts properly paid, credited, or required to be distributed to such beneficiary for the taxable year. * * *

*     *     *     *     *     *     *

SUBPART E—GRANTORS AND OTHERS TREATED AS SUBSTANTIAL OWNERS

*     *     *     *     *     *

SEC. 671. TRUST INCOME, DEDUCTIONS, AND CREDITS ATTRIBUTABLE TO GRANTORS AND OTHERS AS SUBSTANTIAL OWNERS.

Where it is specified in this subpart that the grantor or another person shall be treated as the owner of any portion of a trust, there shall then be included in computing the taxable income and credits of the grantor or the other person those items of income, deductions and credits against tax of the trust which are attributable to that portion of the trust to the extent that such items would be taken into account under this chapter in computing taxable income or credits against the tax of an individual. Any remaining portion of the trust shall be subject to subparts A through D. No items of a trust shall be included in computing the taxable income and credits of the grantor or of any other person solely on the grounds of his dominion and control over the trust under section 61 (relating to definition of gross income) or any other provision of this title, except as specified in this subpart.

SEC. 678. PERSON OTHER THAN GRANTOR TREATED AS SUBSTANTIAL OWNER.

(a) GENERAL RULE.—A person other than the grantor shall be treated as the owner of any portion of a trust with respect to which:

(1) such person has a power exercisable solely by himself to vest the corpus or the income therefrom in himself * * *

might enter into would be voidable and might be repudiated upon reaching majority. *Swiney* v. *Womack*, 343 Ill. 278, 175 N.E. 419. Accordingly, it seems clear that the beneficiaries themselves in the instant case could not, in fact, have exercised the power to terminate the trust or obtain the property or income thereof in the years in question, since no guardians had been appointed. It is to be noted also that the parents could not have acted for them without having been appointed as guardians (see *Perry* v. *Carmichael*, 95 Ill. 519), and therefore could not have terminated the trust on their behalf.

The petitioner argues in effect that we should not be concerned here with whether guardians had actually been appointed so that there could have been an actual termination of the trust or a taking of any part of the trust corpus or income on behalf of the beneficiaries; rather, the important thing is that the instrument created a power in the beneficiaries. In other words, it is contended that some factor outside the instrument, such as the practical means of enforcing the right, should not be determinative here.

An examination of the legislative history of section 678 discloses that it was the intention of Congress to incorporate the rule of *Edward Mallinckrodt, Jr.*, 2 T.C. 1128, affd. (C.A. 8) 146 F. 2d 1, certiorari denied 324 U.S. 871, which had been set forth in section 39.22(a)–22 of Regulations 118. See H. Rept. No. 1337, 83d Cong., 2d Sess., p. 63, and S. Rept. No. 1622, 83d Cong., 2d Sess., p. 87. In the latter committee report it is stated that a person other than a grantor may be treated as the substantial owner of the trust if he has an *unrestricted* power to take the trust principal or income. The *Mallinckrodt* case involved an adult beneficiary who had the right to terminate the trust. It was held that "currently and without any restriction whatever" the taxpayer could take as his own the income of the trust. In the *Mallinckrodt* case, we relied in part upon *Corliss* v. *Bowers*, 281 U.S. 376, in which the Supreme Court stated, "But taxation is not so much concerned with the refinement of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid. * * * The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not."

Read in the light of the legislative history of the section, we think section 678 should not be held to apply in the situation here presented. It cannot be said that these beneficiaries were currently entitled to the income of the trust or that their command over the corpus or income was unfettered. Indeed, the trust provisions in question would seem to have been intended by the grantors of the trust to restrict, in accordance with the law of Illinois, the command

of the minor beneficiaries over the property and income of the trust, particularly since the grantors did not proceed to have guardians appointed. Otherwise, the grantors would have made provision for themselves or others to exercise the power for the beneficiaries or would have proceeded to have guardians appointed for the beneficiaries. We conclude that the income in question was that of the petitioner under section 641.

Nor can we conclude that any part of the income of the trust was deductible by the trust under either section 651 or section 661. The former section deals with a trust the terms of which provide that all of its income is to be distributed currently. Here the trust instrument provided that the trustees should pay to the beneficiaries or apply on their behalf only such income and so much principal as might be necessary for their education, comfort, and support, and should accumulate for the beneficiaries all income not so needed. The latter section deals with deductions of trusts accumulating income or distributing corpus, and provides that there shall be allowed as a deduction any amount of income required to be distributed currently (including any amount required to be distributed which may be paid out of income or corpus to the extent such amount is paid out of income for such taxable year) and any other amounts properly paid or credited or required to be distributed for such taxable year. We do not construe the trust instrument as requiring that any amount be paid out by the trustees except as might be needed for the education, comfort, and support of the beneficiaries. There is no evidence that any amount was needed for those purposes, and in fact no amount of income or corpus was paid to the beneficiaries in the years in question.

The petitioner argues that under the language of the trust instrument, namely, that the income not needed should be accumulated *for* such beneficiaries, all the income should be treated as income belonging to the beneficiaries, that it was set aside each year and invested for them, and that it was therefore distributed to, and taxable to, them. Petitioner cites *Lynchburg Trust & Savings Bank* v. *Commissioner*, (C.A. 4) 68 F. 356, reversing 27 B.T.A. 1182, and *Willcuts* v. *Ordway*, (C.A. 8) 19 F. 2d 917. We think those cases are not in point. The *Lynchburg* case involved a testamentary trust under the provisions of which one-half the net income was to be "paid over to my grandchildren," who were minors. It was provided that these payments were to continue until the youngest of the grandchildren or the survivor of them attained the age of 30 years. It was also provided that all payments of income were to be made currently. The testator provided that the executors, who were also the trustees, should hold back and invest from the income of the grandchildren

such portion as the executors might think advantageous. A separate account was set up for the portion of the income withheld from each grandchild and for the investment thereof by the trustees. The Court of Appeals recognized that the statutory term "paid or credited" is used in opposition to the term "accumulated," but that it was the intention of the testator that the income of each beneficiary should be held in separate trusts, that this was done, and that consequently such income was paid or credited during the taxable year to the beneficiaries and was, therefore, deductible by the trust. See also *George G. Allen, Trustee*, 40 B.T.A. 351.

*Willcuts* v. *Ordway* involved a trust instrument under which the income from the shares of minor children was to be invested by the trustees for the benefit of the minors and allowed to accumulate, and the income from the accumulated amount was to be paid to them on reaching the age of 21 years. It was provided that the trustees should keep separate accounts covering the cumulative profit of the minor beneficiaries. The annual income of the minors was invested in securities in their names and the securities were kept in a special safe-deposit box. These securities were not treated by the trustees as a part of the corpus of the trust. The Court of Appeals held that it was the clear intent that each child should receive his one-fifth of the annual income and that the separation and segregation of the income constituted a distribution of such income.

In the instant case there was no provision for segregating the income or setting up separate trusts, and so far as the record shows these things were not done. The treatment on the fiduciary and beneficiary returns of the income as being that of the beneficiaries is not a substitute for payment or credit by the trust. *Estate of B. Brasley Cohen*, 8 T.C. 784.

It is our conclusion that the respondent did not err in holding that all the income is taxable to the petitioner and that it is not entitled to deduct any portion of the income.

*Decisions will be entered for the respondent.*