The William T. Belcher Trust No. 1, H. E. Dunham and Charles Lee Belcher, Trustees for: Martha I. Belcher, William Wright Belcher, Charles Lee Belcher, Mary Isabel Belcher, Dora May Kruse v. Commissioner.
William T. Belcher Trust No. 1 v. Commissioner.
Docket No. 9647.
United States Tax Court
1947 Tax Ct. Memo LEXIS 108; 6 T.C.M. (CCH) 967; T.C.M. (RIA) 47237; August 20, 1947
*108 Trust, single or multiple: Income tax. - Held, that the trust instrument involved created a single trust for five beneficiaries and that respondent did not err in taxing the accumulated income of the trust accordingly. Robert S. Eastin, Esq., and W. E. Baird, C.P.A., 701 Fidelity Bldg., Kansas City 6, Mo., for the petitioners. George E. Gibson, Esq., for the respondent. TYSON Memorandum Findings of Fact and Opinion The Commissioner determined income tax deficiencies in the amounts and for the calendar years, as follows: Year
Deficiency
Income Tax
1941
$1,146.75
Income Tax
1942
1,455.50
Income and Victory Tax
1943
3,222.89
Total
$5,825.14
The only issue is whether under a certain trust instrument there was created, a single trust subject to tax on the aggregate accumulated *109 income thereof as determined by respondent, or five separate trusts, one for each of five beneficiaries, respectively, each subject to tax on one-fifth of the aggregate accumulated income as contended by petitioners. The proceeding was submitted upon oral testimony, documentary evidence and a stipulation of facts with exhibits attached thereto. The stipulation is adopted as part of our findings of fact, but only such portions thereof as are deemed necessary to the disposition of the question at issue will be set forth herein. Findings of Fact The notice of deficiency was mailed to The William T. Belcher Trust No. 1, Mr. Ralph F. Lozier, Trustee, Carrollton, Missouri. Ralph F. Lozier died on May 28, 1945. On July 6, 1945 the Circuit Court of Carroll County, Missouri appointed H. E. Dunham and Charles Lee Belcher, both residents of Carrollton, Missouri, as co-trustees of the above named trust and successors to Ralph F. Lozier, Trustee and they are still serving in that capacity. For each of the calendar years 1941, 1942 and 1943, Ralph F. Lozier, Trustee, filed five fiduciary income tax returns with the collector of internal revenue as trustee for each of the five beneficiaries, *110 respectively, designated in the trust instrument involved herein. William T. Belcher resides on a farm near Carrollton, Missouri. The members of his family consist of his wife Martha I. Belcher, two sons, William Wright and Charles Lee Belcher, and two daughters, Mary Isabel Belcher and Dora May Kruse (nee Belcher), all of whom were living and of legal age on December 24, 1936. On that date William T. Belcher was the fee simple owner of certain real estate situated in Brazoria County, Texas, on which there were producing oil and gas wells operated by an oil company under lease whereby he was entitled to a 1/8th royalty on oil and gas produced and also a royalty of 75" per ton on all sulphur mined under such lease. Under date of December 24, 1936, William T. Belcher as grantor and Ralph F. Lozier as trustee executed a trust indenture, the material portions of which provided as follows: "TRUST AGREEMENT "The William T. Belcher TRUST No. 1. "This Indenture made on this the 24th day of December, A.D., 1936, by and between William T. Belcher of Carrollton, Missouri, hereinafter referred to as 'Grantor', and Ralph F. Lozier, of Carrollton, Missouri, hereinafter referred to as *111 'Trustee', and who with Grantor, are sometimes hereinafter referred to as 'Trustees', and Martha I. Belcher, William Wright Belcher, Charles Lee Belcher, Mary Isabel Belcher, and Dora May Kruse (formerly Dora May Belcher), all of Carrollton, Missouri, hereinafter referred to as 'Beneficiaries', and who are to participate, share and share alike in the trust herein created, and as hereinafter provided, Witnesseth: * * *
"Fifth: That in consideration of the sum of one dollar ($1.00) to Grantor in hand paid by the aforesaid Trustee, * * * and in further consideration of Grantor's love and affection for the Beneficiaries hereinbefore mentioned, Grantor does by these presents, * * * grant, bargain and sell, convey and confirm, assign and transfer to said Ralph F. Loizer, as Trustee, as aforesaid, and in trust for the uses and purposes herein provided, * * * all of an undivided one fourth (1/4) interest in and to the hereinbefore described real estate, (subject of course to said lease); and doth further grant, bargain and sell, convey and confirm, assign and transfer to said Ralph F. Lozier, Trustee as aforesaid, an undivided one fourth (1/4) interest in and to all of Grantor's rents, *112 rights and royalties, earnings and income, that may, after January 1, 1937, accrue to Grantor under the terms and conditions of said lease. * * * "Sixth: This conveyance is made to said Trustee in Trust for the use and benefit of the Beneficiaries hereinbefore mentioned, which trust is subject to the following terms, conditions, reservations, restrictions and limitations, to wit: "(a) As hereinbefore stated, said Trustee shall in the aggregate, receive one fourth (1/4) of all rents and income * * * [from use of the surface of the realty or under the said lease] (Brackets supplied) * * *
"(c) Neither the said real estate, nor other property interests, rights and royalties hereby conveyed, shall be sold or otherwise alienated, or mortgaged, or other lien created thereon, during the life of the trust hereby created, except as may hereinafter be specifically and unequivocally authorized. And during the life of this trust, neither the trust estate, nor the income resulting therefrom, * * * shall be subject to any conveyance, transfer or assignment, or be pledged as security for any debt by any beneficiary, and the same shall not be subject to any claims by any creditor of any *113 beneficiary, through legal process or otherwise. It is the intention of Grantor to place and he does hereby place the absolute title to the property held in trust, and the income therefrom in Ralph F. Lozier, Trustee as aforesaid, with power and authority, when any distribution in whole or in part of the funds constituting the trust estate hereby created, to pay out the same only to the Beneficiaries personally. * * *. "(d) The trust hereby created shall continue for a period of fifteen years after the death of Grantor, during which time said trust estate shall be kept intact, and not depleted, except as herein specifically provided. * * *; "If at any time during said fifteen year period, said land shall fail to produce oil, gas or other mineral substances in paying quantities, * * * and that by reason of said conditions, said Trustee (or his successor or successors in this trust) shall become convinced that the interest in said real estate, or in said lease and royalties hereby conveyed, or any part thereof, should be sold, and that such sale would be advantageous to the Beneficiaries aforesaid, and would protect and conserve the said trust estate, said Trustee may in writing *114 petition the Circuit Court of Carroll County, Missouri, * * * requesting said court to authorize said sale, * * * but no such order of sale shall be made or considered by the Court unless the Beneficiaries representing a majority in interest of the land, interests, rights and royalties hereby conveyed and sought to be sold, shall join said Trustee in said application, and request such order of sale. * * * "(e) At any time after fifteen years following the death of Grantor, said trustee (or his successor or successors in the trust hereby created) or a majority in interest of the Beneficiaries, may petition said Circuit Court to terminate this trust, and after at least sixty days' notice to all parties in interest, viz. the Trustee and all Beneficiaries, said Court shall make and enter of record an order, judgment and decree, terminating this trust, and directing the Trustee to make and file in said Court a full and final settlement and distribution thereof among the then Beneficiaries of this trust estate, and on approval of said final settlement, and payment to the Beneficiaries of the amounts due them respectively, and the payment of the costs and expenses of executing this trust, *115 said court shall make a final order discharging said Trustee, and terminating said Trust. And in that event the Trustee shall have and is hereby given authority to execute, acknowledge and deliver, any and all deeds, or other conveyances, assignments, bills of sale, or other instruments necessary to vest in the Beneficiaries the lands, personal property, notes, mortgages, stocks, bonds and choses in action due them respectively. "(f) The Trust hereby created is an active Trust. The title to the real estate, rents, interests and royalties hereby conveyed is hereby vested in said Trustee (and not in the Beneficiaries aforesaid), as Trustee, in trust, for the use and benefit of said Beneficiaries, and their heirs, as herein specified, and subject to all the terms, conditions, limitations herein written; and the Trustee shall have and hold absolute title to and possession of all of the assets of said trust estate, with full power to invest and re-invest the earnings and income as herein directed and in turn to invest and re-invest in like manner the earnings and income from all investments of said trust estate, * * * "(g) Said Trustee * * * shall, from time to time, receive as compensation *116 for service, such sums as said Circuit Court may order and adjudge to be fair, just and reasonable, together with all necessary traveling expenses, and all other legitimate costs and necessary expenses of properly and efficiently executing this trust. "(h) Subject to the provisions of paragraph (j) of this the Sixth subdivision of this instrument, all rents, royalties, or other incomes accruing from the properties hereby conveyed * * * [and] all assets of this trust estate * * * shall be, by said Trustee * * * invested in * * *. "(i) At any time between the Grantor's death and the termination of this trust, if any of the then Beneficiaries' under this trust, should be without adequate means of support, the Trustee shall advance to such Beneficiary such sum as may, in the opinion of the Trustee and said court, be reasonably necessary for the support and comfortable living of such Beneficiary, including medical attention and nursing, which advancement shall be made with consideration for the amount of this trust estate, and such Beneficiary's interest therein, and his or her station in life. Provided, however, that no such advancements shall be made to any Beneficiary in excess *117 of his or her proportionate share of said trust fund when distributed as specified and defined in this instrument. "(j) Grantor being desirous during his lifetime to conserve and protect the trust estate hereby created, has imposed and does hereby impress the following limitation and restriction on the authority of said Trustee (or his successor in this trust), to invest and re-invest the income, rents and royalties mentioned in paragraph (h) of this, the Sixth subdivision of this instrument, to wit: During the lifetime of Grantor, all investment and reinvestments, of such earnings, income, rents and royalties, * * * shall be made by said Trustee (or his successor in this trust), only after consultation with and on the written approval of Grantor; and during the lifetime of Grantor all cash belonging to said trust estate, from whatever source derived shall be deposited in the banks in the joint account of 'Ralph F. Lozier and William T. Belcher, Trustees', to be drawn, expended, or invested on the check of Ralph F. Lozier, Trustee, counter signed by Grantor. Provided, however, that this supervision by Grantor over the assets and investments of said trust estate shall not be construed *118 as vesting in Grantor any title to or interest in said funds or securities, but is intended to better safe guard the assets and investments of said trust estate; said Trustee being desirous of having the ripe judgment and co-operation of Grantor in conserving and investing the assets of said trust estate. "Seventh: The Trustee shall keep accurate books of account of all transactions pertaining to the trust estate. These books shall be open at all times for inspection by the Grantor or Beneficiaries hereunder actually entitled to participation in the income and/or principal. The Trustee, upon request, shall render to Grantor and such Beneficiaries, statements reflecting the then actual condition of the trust estate, showing all receipts, disbursements of income, and principal changes of investments, and investments then held as part of the trust estate. "Eighth: Said Trustee, out of the funds of this trust estate, shall pay all taxes and assessments, general or special, and all other legal charges that may be levied * * *. "Ninth: The Trustee is authorized to make division or distribution of the trust estate as and when it is required under the provisions of this agreement in *119 kind - that is to say - in real estate, stocks, bonds, mortgages or other securities belonging to the trust estate, and in making such division and distributions, the judgment of the trusfee concerning the relative value of the property so distributed shall be binding and conclusive upon all parties interested therein, unless disapproved by said Circuit Court on final settlement of said trust estate. "Tenth: This trust is not created to meet the current needs of Beneficiaries, but to provide a fund for their use in their more mature years and for distribution fifteen years after grantor's decease, among the hereinbefore mentioned Beneficiaries, if living, or to the lineal descendants of such of said Beneficiaries as may be deceased at the end of said fifteen year period, all as more specifically herein denied; it being Grantor's thought that their needs prior to the expiration of said fifteen year period will be met from advancements heretofore and hereafter made by Grantor * * *, which * * * will adequately insure their comfortable support and welfare during Grantor's lifetime, and thereafter, until the termination of this trust in accordance with its terms and conditions. "Eleventh: *120 (a) Fifteen years after Grantor's decease, this trust may be terminated by the procedure herein prescribed, and the status of each Beneficiary, under the provisions of this instrument, shall be fixed and determined as of the date of the termination of this trust. "(b) On the termination of this trust, the trust estate shall vest in Grantor's wife, sons and daughters hereinbefore mentioned, if they be then living, share and share alike, absolutely and unconditionally. "(c) If any one of said five original Beneficiaries die before the end of said fifteen year period, without lawful issue surviving him or her, then and in that event, the share of said trust estate, which said deceased original Beneficiary would have received if then living, shall vest absolutely and unconditionally as follows: "One fourth (1/4) in each of the surviving Beneficiaries. "One fourth (1/4) in the lineal lawful descendant or descendants of each of said deceased original Beneficiary, * * *. "(d) If, however, any of said original Beneficiaries, should die before the termination of said fifteen year period, leaving a descendant or descendants surviving, * * *, and such issue becomes extinct, prior to *121 the end of said fifteen year period, * * *, then and in that event, the share or interest in said trust estate which said deceased original Beneficiary, or his lawful descendant or descendants would have received if living at the end of said fifteen year period, shall pass to and vest in such of the original Beneficiaries as may be living, and in the descendant or descendants of such original Beneficiaries * * *; to the end that at the end of said fifteen year period no part of said trust estate shall vest in or pass to any person who is not a lineal descendant of Grantor. * * *
"Twelfth: The said Ralph F. Lozier, Trustee, as aforesaid, shall at all times furnish a good and sufficient bond to guarantee the faithful performance of the trust hereby created and a full and faithful accounting * * * during the life of the trust estate hereby created, * * *. "Thirteenth: It is not the purpose of Grantor to hereby create in said Beneficiaries, or their descendants, a vested interest in the trust estate, hereby established, but to vest in said Trustee absolute title to and control of said trust estate until fifteen years after Grantor's death; and prior to the expiration of said fifteen *122 year period, no Beneficiary hereunder shall be vested with any alienable, mortgageable, or assignable interest in and to the trust estate hereby created, or to the lands, rents, royalties, and income hereby conveyed to said trustee. But at the expiration of said fifteen year period, those who at that time are the Beneficiaries of this trust, as hereinbefore defined and determined, shall receive, each, or his or her proportionate part of said trust estate. "Fourteenth: In the event of the death or resignation of said Trustee, the Circuit Court of Carroll County, Missouri, shall upon application of Grantor, or a majority of the Beneficiaries (after due notice to all other Beneficiaries or parties in interest) appoint a substitute Trustee as successor to said Trustee, * * * "Fifteenth: The said Ralph F. Lozier, Trustee, as aforesaid, accepts the trusteeship herein created, * * *." On October 16, 1937, William T. Belcher, as grantor and Ralph F. Lozier, as trustee, executed a supplemental trust indenture whereby the grantor conveyed an additional interest in the above mentioned Texas land for the purpose of increasing the corpus of The William T. Belcher Trust No. 1 of December 24, 1936 and *123 subject to all the terms and conditions of such trust. The above mentioned transfers in trust were reported by William T. Belcher in gift tax returns filed for the years 1936 and 1937. For the years 1936 and 1937 the trustee made five separate information returns of gifts as having been made by William T. Belcher in these respective years - one each for a one-fifth interest in the property conveyed to the trust in such years as having been conveyed to each of the beneficiaries of the trust. For each of the years involved herein the respondent determined "that The William T. Belcher Trust No. 1 constituted a single trust, the net income of which is taxable accordingly", and he consolidated the accumulated net income as disclosed by the five separate returns filed by the trustee for each beneficiary for each year as herein-before mentioned, and after making certain adjustments not in controversy herein, he determined the deficiencies involved in this proceeding. The trust indenture of December 24, 1936, created a single trust, under the name of The William T. Belcher Trust No. 1, for the benefit of the designated beneficiaries. Opinion TYSON, Judge: The question involved, which *124 arises in relation to the taxation of accumulated trust income under section 161, Internal Revenue Code, is whether the trust indenture of December 24, 1936, created a single trust or multiple trusts. It is now settled that, where the intention to do so is clear, a single trust instrument may create multiple separate and distinct trusts, the income of which is taxable separately, although the corpus of such trusts are kept in one individual fund. [1] It is also settled that in determining whether one or more trusts have been created the controlling factor is the intention of the grantor which must be determined from the entire trust instrument [2] if that instrument is unambiguous. Each case involving a similar issue turns on its own particular facts as is shown by the numerous cases, some of which held that only one trust was created [3] while others held that multiple separate trusts were created. [4]
*125 On brief the petitioner states that, "Petitioner will frankly admit that the instrument does not unambiguously show that there were five trusts". We agree with such statements, but do not agree with petitioner's contention that therefore there is an ambiguity within the instrument itself and that extrinsic evidence is proper to ascertain the intention of the grantor to create a separate trust for each of the five originally designated beneficiaries. We have attached no weight to the extrinsic matters in evidence concerning the grantor's intention at the time the trust instrument was executed, for in our opinion the terms of the trust instrument, read in its entirety, are clear and free of any ambiguity as to the grantor's intention, which we think was to create a single trust with future interests in the undivided corpus and accumulated income for the benefit of persons who are to be determined as directed at the end of fifteen years after the grantor's death. Among the extrinsic matters in evidence, and they are the principal ones, to which we have attached no weight is the following testimony of the grantor of the trust. When asked whether he had ever talked to the attorney who *126 drafed the trust instrument, "about whether you wanted to set up one trust or five trusts", the grantor said, "Well, the understanding was that it was five trusts"; and when asked if the attorney ever said anything to him about whether it created one or five trusts, the grantor answered, "Well, it was five trusts". (See McGinley v. Commissioner, supra, Footnote 3.) The trust instrument is set forth at length in the stipulation, and in our findings in material part, and we need only emphasize a few of the characteristic expressions used therein. In that instrument the grantor consistently uses the singular in referring to the trusts and the trust estate with respect to the creation, management and termination thereof and nowhere uses language even intimating any intention to create more than one trust. Also, the grantor consistently uses the plural in referring to the beneficiaries, "who are to participate, share and share alike in the trust herein created" and the future distribution of the trust corpus and accumulated income. The grantor places "absolute title to the property held in trust, and the income therefrom in * * * [the trustee] with power and authority, *127 when any distribution in whole or in part of the funds constituting the trust estate hereby created, to pay out the same only to the Beneficiaries personally". The grantor gives the trustee authority to petition for a court order to sell the land if oil production fails, "but no such order of sale shall be made or considered by the Court unless the Beneficiaries representing a majority in interest" join with the trustee's petition. The grantor provides that after 15 years following his death, the trustee "or a majority in interest of the Beneficiaries, may petition said Court to terminate this trust and * * * said Court shall make and enter of record an order, judgment and decree, terminating this trust, and directing the Trustee to make and file in said Court a full and final settlement and distribution thereof among the then Beenficiaries of this trust estate". The grantor provides that if during the period between his death and the termination of "this trust", any of the "then Beneficiaries" under "this trust" should be without adequate means of support, the trustee in his discretion shall make reasonable advances "with consideration for the amount of this trust estate, and such *128 Beneficiary's interest therein" but not "in excess of his or her proportionate share of said trust fund when distributed as specified". The grantor directs the trustee to keep accurate "books of account of all transactions pertaining to the trust estate" and upon request to render to the grantor and beneficiaries "statements reflecting the then actual condition of the trust estate, showing all receipts, disbursements of income, and principal changes of investments, and investments then held as part of the trust estate". The grantor authorizes the trustee to "make division or distribution of the trust estate" in kind at the termination of the trust. The grantor provides that "the status of each beneficiary * * * shall be fixed and determined as of the date of the termination of this trust", at which time "the trust estate shall vest" in the five original beneficiaries" if they be then living, share and share alike", but if any one of them be then dead, provision is made for the distribution of "the share of said trust estate, which said original Beneficiary would have received if then living". The grantor provides that it is not his purpose" to hereby create in said Beneficiaries, or *129 their descendants, a vested interest in the trust estate, hereby established" and further that upon termination of the trust "those who at that time are the Beneficiaries of this trust, as hereinbefore defined and determined shall receive, each, his or her proportionate part of said trust estate." In our opinion the trust instrument in its entirety and more particularly the above quoted portions thereof together with other similar expressions in the singular in reference to the trust and in the plural in reference to the beneficial interests, shows a clear and unambiguous expression of intent, of the grantor, to establish a single trust, the corpus and accumulated income of which, at the future termination of the trust, is to be apportioned among the then living original beneficiaries and/or the grantor's lineal descendants as determined at that future time. The language of the trust instrument establishes a conjunction of future beneficial interests in a single trust estate, fractional parts of which are to be later distributed and such language negatives any intent to create separate trusts. The petitioner cites and relies on Fidelity Union Trust Co. v. Kelly, supra; *130 Charles S. Davis, Trustee, 37 B.T.A. 587; George G. Allen et al., Trustees, supra; and Helms Bakeries, supra. All these cases are distinguishable, in that in all the trust instruments involved conferred on each of the beneficiaries sole beneficial ownership of a separated segregated and indentified share or portion of the property allotted to the beneficiaries. The Commissioner did not err in taxing all of the income involved herein as that of a single trust. Cf. cases cited in Footnote 3. Decision will be entered for the respondent. Footnotes
1. United States Trust Co. of New York v. Commissioner of Internal Revenue, 296 U.S. 481, Rev'g 75 Fed. (2d) 973; and Helvering v. McIlvaine et al., 296 U.S. 488, aff'g 78 Fed. (2d) 787, which had aff'd 29 B.T.A. 304↩. 2. Fidelity Union Trust Co. v. Kelly, 102 Fed. (2d) 333; Huntington Nat. Bank v. Commissioner, 90 Fed. (2d) 876, Aff'g 32 B.T.A. 342↩. 3. Urquhart et al. v. Commissioner, 125 Fed. (2d) 701, Aff'g Memo. B.T.A. 10-7-40; Huntington Nat. Bank v. Commissioner, supra (footnote 2) McGinley v. Commissioner, 80 Fed. (2d) 692, Aff'g 31 B.T.A. 81; James S. Reid Trust, 6 T.C. 438; Edward M. and Fred E. Hiecke Trust, etc., 6 T.C. 30; Marian Neal, Etc. Trust, 40 B.T.A. 1033 and Charles B. Van Dusen et al., Trustees, 33 B.T.A. 662↩. 4. John R. MacManus et al. v. Commissioner, 131 Fed. (2d) 670, Rev. 44 B.T.A. 508; McKean v. Scofield, 108 Fed. (2d) 764; Kohtz Family Trust, 5 T.C. 554; Helms Bakeries, 46 B.T.A. 308; George G. Allen et al., Trustees, 40 B.T.A. 351; St. Louis Union Trust Co., 40 B.T.A. 165; and Leonard Marx, 39 B.T.A. 537↩.